## The Columbus Natural Gas Co. *v.* Dunlap et al.

*Leases—Oil and gas—Land rental not reduced by unproductive wells, when—"Completed well" means "productive well," when.*

In a lease of land for exploration for gas and oil, wherein it is stipulated that the lessee shall pay $200 each year in advance for the product of each well from the time of its completion, and in case no well is completed within a specified time the lessee shall pay a rental of $580 for each year such completion is delayed thereafter, and each completed well shall only reduce the land rental $200, the words "completed well" have reference to a productive well and not to a dry hole, and the lessee is not entitled to a reduction of $200 in his rental because of the completion of an unproductive well.

(Decided May 21, 1914.)

Error: Court of Appeals for Licking county.

Powell, J.; Voorhees and Shields, JJ., concurring.

On the 20th day of September, 1907, the plaintiff in error, The Columbus Natural Gas Co., and the defendants in error, J. W. Dunlap, Amanda Bline and Jacob F. Bline, entered into a contract in writing whereby the said defendants in error leased to plaintiff in error 256 acres of land in this county, which is described in the petition, for the purpose of exploring the same for oil and gas, and for producing and marketing the same if any oil or gas was found thereon.

The conditions of said lease, so far as they relate to the present controversy, are as follows:

1. The lease was for the period of five (5) years "and as much longer as oil or gas is found in paying quantities."

2. "If gas only is found, second party [plaintiff in error] agree to pay $200 each year in advance for the product of each well, from the time of the completion of same."

3. "In case no well is completed on or before February 13, 1908, second party shall pay to the first party [defendants in error] five hundred and eighty dollars for each year thereafter such completion is delayed, payable annually in advance."

4. "It is further provided that each well completed shall only reduce the land rental two hundred dollars."

Plaintiff in error completed two wells that produced gas, and by payment of well rentals of $200 each it reduced the land rentals to $180.  It then completed a third well, which did not produce gas or oil, so that no well rentals were due from it, and then refused to pay the $180 land rental due February 13, 1913, all other rentals having been paid to that date.  The defendants in error brought suit to recover said sum.  The question is raised by demurrer to the answer, which sets out the various payments of rentals and the refusal to pay the $180 land rental after the completion of the third well without finding gas or oil and while continuing to occupy said lands under said lease.

There are two kinds of rentals provided for in the contract—$580 land rentals, and well rentals of $200 per year in advance for the product of each well, when gas only was found.  Each well completed should only reduce the land rental $200. The completion of two wells reduced the land rentals to $180, and the completion of the third well is claimed to have reduced the land rental to nothing,

although such third well is not productive of either gas or oil. But there being no *product* from such well, plaintiff in error claims it was not obliged to pay any well rental therefor.

What is the true construction of the contract, and what is the reasonable construction of the same?

In the opinion of the court this is not what was intended by the parties when the contract was executed. We think that the parties had in contemplation two kinds of rental or source of income, one of which should never be less, while the lease was in force, than $580, while the other might go to any limit that the supply of gas would warrant. In the intendment of the parties, as it appears to the court, a "completed well" does not mean a dry hole in the ground, but a productive well as a source of income to the plaintiffs below. The expression "if gas only is found" contemplates that something of value must be found, otherwise it would be as reasonable for defendants in error to claim that plaintiff in error should pay $200 for the product of each completed well, even though that product was nothing but water. Neither position is tenable.

There was no error in the action of the court of common pleas in sustaining said demurrer, and its judgment will be affirmed, and the cause will be remanded for execution.

*Judgment affirmed.*

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiff in error.

*Mr. J. M. Swartz,* for defendants in error.